UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| AMELIA MANLEY, <br><br> Plaintiff, <br><br> v. <br><br> WINSUPPLY INC., and WINSUPPLY BOISE ID CO., <br><br> Defendants. | Case No. 1:21-cv-00439-BLW <br><br> **MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court is Amelia Manley's motion for attorneys' fees (Dkt. 35). For the reasons discussed below, the Court will grant the motion.

# BACKGROUND

Ms. Manley's claims against Winsupply Inc. and Winsupply Boise arise from her employment at the Pocatello Winsupply location between March 2017 and September 2019. *Complaint* at 2, Dkt. 1. Ms. Manley alleges Title VII and Idaho Human Rights Act claims for sex and pregnancy discrimination and a Title VII claim for retaliation. *Id.* at 6–8. Those claims are summarized in the Court's previous order granting Ms. Manley's motion to compel. *See Order* at 1–3, Dkt.

**MEMORANDUM DECISION AND ORDER - 1**

34.

This discovery dispute, however, predates Ms. Manley's motion to compel. In January 2023, the Court's law clerk held a discovery dispute conference concerning 20 requests for production and seven interrogatories. A month later, the Court conducted a follow up informal mediation on many of the same issues. Despite efforts to obtain discovery from the defendants without further Court involvement, the issues persisted, and Ms. Manley ultimately filed a motion to compel.

Ms. Manley sought production of "full financial records for other locations within the Western Region Area overseen by Winsupply, Inc.'s employee, Kyle Buxton, who oversaw the Pocatello/Boise store, so Plaintiff can test Defendant's claim that Plaintiff was demoted as a result of store performance." Dkt. 24 at 2. She also requested that the Court order a "search for and production of ESI, including emails, documents, texts, etc." *Id.* The Court granted Ms. Manley's motion to compel discovery and instructed Ms. Manley to file a motion for attorneys' fees within fourteen days of the order. *Order,* Dkt. 34. She now requests $25,441.00 in attorneys' fees. *Motion* at 5, Dkt. 35-1. Defendants opposes the motion.

## LEGAL STANDARD

When a motion to compel has been granted, the Court must, after an opportunity to be heard, require the party whose conduct resulted in the motion, or attorney advising the conduct, or both, to pay the reasonable attorneys' fees of the movant. Fed. R. Civ. P. 37(a)(5)(A). Awarding attorneys' fees is mandatory under this rule unless the moving party filed the motion before making a good faith effort to obtain disclosure without court intervention, the nondisclosure was substantially justified, or other circumstances make the award of fees unjust. Fed. R. Civ. P. 37(a)(5)(A)(i)–(iii).

If the moving party is indeed entitled to fees, the Court must determine the amount to which they are entitled. In the Ninth Circuit, courts use the two-step "lodestar method" to calculate a reasonable fee. *Morales v. City of San Rafael*, 96 F.3d 359, 363–34 (9th Cir. 1996). The Court first evaluates whether the rate charged and the hours expended by the attorneys were reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The reasonable hourly rate is then multiplied by the reasonable number of hours to establish a lodestar figure. *Id.* This lodestar figure is a presumptively reasonable fee but may be adjusted based on a variety of

**MEMORANDUM DECISION AND ORDER - 3**

factors.[1] *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013). Such adjustments, however, are appropriate "[o]nly in rare instances." *Harris v. Marhoefer*, 24 F.3d 16, 18 (9th Cir. 1994).

## ANALYSIS

### A. Entitlement to Attorneys' Fees

Ms. Manley claims she is entitled to attorneys' fees under Federal Rule of Civil Procedure 37. The Court agrees. A party's whose conduct resulted in a motion to compel, must pay the fees of the party who brought the motion. Fed. R. Civ. P. 37(5)(A). Here, the defendants' refusal to produce the requested financial records and emails resulted in the motion. Defendants, therefore, must pay Ms. Manley's fees unless they can establish the motion was filed before making a good faith effort to obtain the discovery, the nondisclosure was substantially justified, or an award of fees would be unjust. Fed. R. Civ. P. 37(a)(5)(A)(i)–(iii).

---

[1] Courts are instructed to consider the factors outlined in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67 (9th Cir. 1975), that are "not already subsumed in the lodestar calculation." *Morales v. City of San Rafael*, 96 F.3d 359, 363–64 (9th Cir. 1996). The *Kerr* factors are: "(1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Id.* at 363 n. 8.

**MEMORANDUM DECISION AND ORDER - 4**

First, defendants argue Ms. Manley did not attempt to resolve the discovery issues in good faith before filing the motion to compel. The Court has already rejected defendants' claim that Ms. Manley did not fulfill her meet and confer obligations. *See Order* at 6, Dkt. 34. Ms. Manley's motion to compel included affidavits and exhibits reflecting discussions between the parties. The Court, itself, attempted to resolve the discovery issues without a motion and the issues persisted. As such, the Court will not refuse to award fees on this ground.

Second, defendants argue their nondisclosure was substantially justified. A position is "substantially justified" if "reasonable people could differ as to whether the party requested [to respond] must comply." *Reygo Pacific Corp. v. Johnston Pump Co.*, 680 F.2d 647, 648 (9th Cir. 1982) (overruled on other grounds). The Federal Rules of Civil Procedure clearly require production of relevant discovery that is within the "possession, custody, or control" of the defendant. Fed. R. Civ. P. 34(a)(1). The financial information, though not belonging to the defendants, was undoubtedly in their control. Indeed, Mr. Bruxton is able to access the information with only a password. Defendants identify no authority that would excuse disclosure when a party has actual possession, custody, or control over the documents. The only case cited by defendants in their opposition to the motion to compel is inapposite. *See TetraVue, Inc. v. St. Paul Fire & Marine Insurance*

MEMORANDUM DECISION AND ORDER - 5

*Company*, No. 14-cv-2021-W (BLM), 2017 WL 1008788, at *4 (S.D. Cal. 2017) (discussing whether documents in possession of party's previous attorney were under that party's possession, custody, or control).

Finally, defendants argue that awarding fees would be unjust. They offer several arguments against the award of fees, but none suggest the award of attorneys' fees would be unjust. Defendants—again—rely on their claim that Ms. Manley did not fulfil her meet and confer obligations. The Court has repeatedly rejected this argument and it fares no better now. The remaining arguments about the cost of Ms. Manley's request and the general good faith of defendants do not warrant the denial of fees. The award of attorneys' fees does not require a showing of bad faith by the non-disclosing party. *Hyde & Drath v. Baker*, 24 F.3d 1162, 1171 (9th Cir. 1994). Similarly, the fact that Ms. Manely filed a motion to compel and that the Court granted that motion, refutes that argument that defendants complied with the discovery requests or that the disputes could be resolved without a motion. Accordingly, Ms. Manely is entitled to attorneys' fees.

### B. Amount of Award

Ms. Manley seeks a total of $25,441.00 in attorneys' fees. To determine the reasonableness of the fees sought, the Court considers the reasonableness of the rate charged and hours expended by Ms. Manley's attorneys before calculating the

lodestar amount. *McGrath v. County of Nevada*, 67 F.3d 248, 252 (9th Cir. 1995). The party seeking fees has the burden of establishing the claimed rates and hours expended are reasonable. *Blum v. Stenson*, 465 U.S. 886, 897 (1984).

### 1. Rate Charged

The reasonableness of an hourly rate depends on the rate "in the community for similar work performed by attorneys of comparable, skill, experience, and reputation." *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 979 (9th Cir. 2008). The hourly rates requested are within the rates in the District of Idaho and are reasonable given the experience of the attorneys involved. *See Carbajal v. Hayes Management Service, Inc*, No. 4:19-cv-287-BLW, 2023 WL 4236207 (D. Idaho June 28, 2023); *K.W. by next of friend D.W. v. Armstrong*, No. 1:12-cv-00022-BLW, 2021 WL 3639415 (D. Idaho Aug. 17, 2021).

### 2. Hours Expended

Ms. Manley seeks to recover fees for 79.1 hours of work that occurred between August 2022 and August 2023. A party may recover under Rule 37(a)(5) for "expenses resulting from efforts to secure an order compelling discovery." *Liew v. Breen*, 640 F.2d 1046, 1051 (9th Cir. 1981). When determining the number of hours to be used for the lodestar calculation, the Court should exclude hours "that were not reasonably expended." *Hensley*, 461 U.S. at 434.

**MEMORANDUM DECISION AND ORDER - 7**

Defendants make several objections to the reasonableness of the fees sought. They urge the Court to reduce the award of fees by excluding the hours prior to February 2, 2023, fees requested from meet and confer activities after February 2, 2023, and the time spent drafting the motion to compel. *Response* at 15–17, Dkt. 37. The Court agrees that not all of the fees incurred before February 2, 2023, are recoverable. Ms. Manley requests fees beginning in August 2022, when the parties first discussed defendants' lack of production. *Motion to Compel*, Ulrich Decl. at ¶ 6, Dkt. 24-2. This request is overly inclusive. In January 2023, the Court's law clerk held a discovery dispute conference concerning 20 requests for production and seven interrogatories. *Order* at 3, Dkt. 34. The Court then held another conference on February 2, 2023 that covered many of the same issues. *Id.* These conferences covered more than the seven requests ultimately at issue in the motion to compel. The Court recognizes that counsel spent time attempting to resolve the disputes that were at issue in the motion during the period between August 2022 and February 2023. That said, the Court has no way to determine, based on counsel's time entries, the time spent on those disputes ultimately at issue in the motion to compel and the time spent on other discovery disputes.

The Court, however, finds that the remainder of the fees are reasonable. Defendants request the exclusion of any meet and confer time after February 2,

**MEMORANDUM DECISION AND ORDER - 8**

2023 because Ms. Manley did not satisfy her meet and confer obligations. As should now be obvious, this argument is entirely unavailing. Even after the conference with the Court, the defendants continued to obfuscate and refused to turn over the documents and emails within their control. This time spent attempting to secure the defendants' response was reasonably expended. In addition, the time spent drafting the motion to compel is certainly recoverable. Counsel spent roughly 30 hours drafting the motion to compel. This time is reasonable given motion was 15 pages and included 37 exhibits. Accordingly, the 38.6 hours spent after February 2, 2023 reflects the reasonable amount of time required to obtain defendants' discovery response.

### 3. Lodestar Calculation

The lodestar figure is calculated by multiplying the number of hours the prevailing party reasonably expended by a reasonable hourly rate. *McGrath*, 67 F.3d at 252. For the 38.6 hours worked among three attorneys, the lodestar figure is $12,502.20. There is a strong presumption that the lodestar figure represents a reasonable fee. *Morales*, 96 F.3d at 364–65. The Court does not find that any factors require adjusting the fee. As such, Ms. Manley shall be awarded attorneys' fees in the amount of $12,502.00.

| Attorney | Rate | Hours | Fee |
|---|---|---|---|
| Amanda Ulrich | $310 | 22.5 | $6,975.00 |

**MEMORANDUM DECISION AND ORDER - 9**

| DeAnne Casperson | $350 | 13.7 | $4,795.00 |
| Ryan Dustin | $290 | 2.4 | $732.00 |
| **Total** | | **38.6** | **$12,502.00** |

# ORDER

**IT IS ORDERED that:**

1. Plaintiff's Motion for Attorneys' Fees (Dkt. 35) is **GRANTED**.

2. The Court hereby awards Ms. Manley attorneys' fees in the amount of $12,502.00.

3. Defendants must comply with this order within 30 days.

DATED: October 30, 2023

B. Lynn Winmill
U.S. District Court Judge